

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer L. Moss
County Attorney
Wheeler County
Wheeler, Texas

Dear Sir:

COPY

Opinion No. G-5527
Re: Whether the St. Mary's
Hospital, Inc., of Sham-
rock, Texas, is exempt
from taxes on its real
and personal property on
the grounds of being a
charitable institution.

Your letter requesting the opinion of this de-
partment regarding the above stated subject reads in part
as follows:

"The Tax Assessor-Collector of Wheeler Coun-
ty, the Commissioners Court and I, are confronted
with with a problem concerning the liability or
exemption for purposes of taxation of the build-
ings and equipment of one St. Mary's Hospital of
Shamrock, Texas.

"The organization and operation of the hos-
pital generally is such that it falls within the
category of exempt public charities as discussed
and defined by the Commission of Appeals in the
case of City of San Antonio vs. Santa Rosa Infir-
mary, cited in my brief which accompanies this
letter, but we would appreciate your opinion in
light of the fact that two slight distinctions
exist as compared with the general run of the
decisions, all of which are more or less in har-
mony.

Honorable Homer L. Moss, Page 2

"These differences, if any, are the fact
that the Institution belongs to an Illinois
corporation and the additional fact that a small
number of its patients to whom charity is ap-
plied are placed there, or at least a part of
their fees paid for by the Commissioners Court.

"I have studied over the matter carefully
and have come to the conclusion that the situa-
tions mentioned do not constitute an exception
to the tax exemption generally afforded such an
institution, if otherwise applicable. In such
connection, I have prepaired a brief which I
hope is of some small assistance."

We want to thank you for the excellent brief sub-
mitted with your inquiry. The brief has materially aided
us in passing upon your question.

The questions presented in your brief are as
follows:

"Would an hospital operated by Roman Catholic
Sisters, members of an Illinois Corporation having
such as one of its purposes, which hospital is sit-
uated in Wheeler County, Texas and whose operat-
ing personell donate their services free of charge
where no one is denied admittance on account of
property, and where all profits, if any, go to im-
prove the facilities and train nurses be entitled
to the statutory exemption from the payment of
State and County Taxes?

"Would this exemption, if otherwise applicable,
be effected by the fact that the corporation has its
domicile in the State of Illinois but profits, if
any, are applied to local improvements and a part
to the training of nurses for the system of hospi-
tals generally one of which is the institution in
question?

"Is the charitable nature of the institution
as entitling it to exemption altered by the fact

Honorable Homer L. Moss, Page 3

that during the time of its operation in the
county the hospital has been reimbursed by the
Commissioner's Court of the county for half of
the cost of caring for certain indigent patients
when the sums received from such county amount
to not over 16% of the services donated to the
care and treatment of charity cases generally
over the same period of time?"

Article 8, Section 2 of the State Constitution
provides that:

"The Legislature may by general laws exempt
from taxation . . . institutions of purely public
charity; and all laws exempting property from
taxation other than the above mentioned shall be
null and void."

Section 7 of Article 7150, Vernon's Annotated Civil
Statutes, was enacted in pursuance to the above constitutional
provision, and reads as follows:

"7. Public charities.--All buildings be-
longing to institutions of purely public charity,
together with the lands belonging to and occu-
pied by such institutions not leased or other-
wise used with a view to profit, unless such
rents and profits and all moneys and credits are
appropriated by such institutions solely to sus-
tain such institutions and for the benefit of
the sick and disabled members and their families
and the burial of the same, or for the mainte-
nance of persons when unable to provide for them-
selves, whether such persons are members of such
institutions or not. An institution of purely
public charity under this article is one which
dispenses its aid to its members and others in
sickness or distress, or at death, without re-
gard to poverty or riches of the recipient, also
when the funds, property and assets of such in-
stitutions are placed and bound by its laws to
relieve, aid and administer in any way to the
relief of its members when in want, sickness and
distress, and provide homes for its helpless and

dependent members and to educate and maintain the orphans of its deceased members or other persons."

If the St. Mary's Hospital is an institution of purely public charity within the meaning of Article 8, Section 2 of the State Constitution, and subdivision 7 of Article 7051, Vernon's Annotated Civil Statutes, the real estate belonging to said hospital would be tax exempt. (See the cases of Santa Rosa Infirmary vs. City of San Antonio, 259 S.W. 926; Fire Association of Philadelphia vs. Love, 108 S.W. 158, 810; Benevolent and P. O. E. Lodge vs. City of Houston, 44 S.W. (2d) 488; Masonic Temple Association vs. Amarillo Independent School District, 14 S.W. (2d) 128; City of Palestine vs. Missouri-Pacific Land Hospital Association, 99 S.W. (2d) 311; Scott vs. All Saints Hospital, 203 S.W. 146; State vs. Ceddegast, 227 S.W. 253).

Whether the St. Mary's Hospital is an institution of purely public charity within the meaning of Article 8, Section 2 of the State Constitution, and subdivision 7 of Article 7051, Vernon's Annotated Civil Statutes, is a fact question which we cannot determine. If, as above stated, said hospital is an institution of purely public charity within the meaning of the Constitution and statute, then the real estate belonging to said hospital would be tax-exempt. However, on the other hand, if such hospital is not an institution of purely public charity within the meaning of Article 8, Section 2 of the State Constitution, and subdivision 7 of the Article 7051, Vernon's Annotated Civil Statutes, its real estate would not be tax-exempt. It is our opinion that the proper local authorities must determine from the actually existing facts whether the St. Mary's Hospital is an institution of purely public charity within the meaning of the above mentioned provisions of the Constitution and statutes.

With reference to the personal property belonging to the St. Mary's Hospital we direct your attention to our opinion No. O-5114, a copy of which is enclosed for your convenience.

Honorable Homer L. Moss, Page 5

The fact that the St. Mary's Hospital is incorporated under the laws of Illinois would not, in our opinion, effect the liability or the exemption of the hospital relative to taxation. We have been unable to find any Texas case deciding the question. However, it will be noted that the statute (Article 7150, supra) exempts institutions of purely public charity without restricting the beneficiary of the privilege to a corporate status or corporate domicile in Texas or elsewhere. Stated another way the controlling factor would be whether the hospital is an institution of purely public charity within the meaning of Article 8, Section 2 of the State Constitution, and subdivision 7 of Article 7051, Vernon's Annotated Civil Statutes.

The fact that the county pays a portion of the hospitilization charges for indigent patients would not be a determining factor as to whether the hospital is an institution of purely public charity within the meaning of the provisions of the Constitution and statute mentioned above. The general rules announced by the above cited cases are to the effect that where a hospital admits all applicants regardless of means, charging those able to pay and places the income received therefrom back into the improvement and maintenance of the institutions or caring for the members of the staff or training nurses, the institutions would be entitled to the exemption except in cases where part of the facilities were occupied by another business or where some of the staff maintain their offices in the hospital in connection with the general practice of medicine. We quote from 144 A.L.R., page 1490 as follows:

"  . . . . Where persons unable to pay were sent to a sanitarium for care and treatment from the state or municipalities which were caring for them as public charges and which paid the sanitarium for this care at a rate less than the cost at which the state or municipalities or institutions that operate like hospitals operate, it was held in Order of Sisters of St. Joseph v. Plover (1941) 239 Wis. 278, 1 NW (2d) 173, that the sanitarium was none the less a benevolent institution within the provision of the tax exemption statute. Repeating the rule of St.

642

Joseph's Hospital Asso. v. Ashland County (1897) 96 Wis. 636, 72 NW 43, supra, the court said: 'These patients are subjects of charity. They are as much charity patients as if they applied personally for admission instead of first applying to the public authorities and being by those authorities sent to this hospital. That the public authorities pay for this care does not avoid the fact that the patients are objects of charity, any more than the fact would be avoided if their care was paid for by the donations of private individuals as in the St. Joseph's Hospital Asso. Case.'"

Whether the St. Mary's Hospital, as heretofore stated, is an institution of purely public charity within the meaning of the provision of the Constitution and statutes heretofore mentioned, is a fact question which we cannot determine. If, as above stated, said hospital is an institution of purely public charity within the meaning of the Constitution and statute, then the real estate belonging to the said hospital would be tax-exempt. However, on the other hand, if such hospital is not an institution of purely public charity within the meaning of Article 8, Section 2 of the State Constitution, the subdivision 7 of Article 7051, supra, its real estate would not be tax-exempt. The proper local authorities must determine from the actually existing facts whether the St. Mary's Hospital is an institution of purely public charity, within the meaning of the above mentioned provisions of the Constitution and statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_
Ardell Williams
Assistant

AW:ff
Encl.